UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| NICOLE SWANBECK and DYLAN BUSSEY,<br><br>Plaintiffs,<br><br>v.<br><br>HEATHER KING; CHELSEA STEPHNEY; SHARON PARKS LOWRY; SHERRIZ HELLER; SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY, AND ADULT SERVICES; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:19-cv-145 WBS CKD<br><br>MEMORANDUM & ORDER RE: DEFENDANT HEATHER KING'S MOTION TO DISMISS |

----oo0oo----

Plaintiffs Nicole Swanbeck and Dylan Bussey brought this civil rights action against the Sacramento County Department of Child, Family, and Adult Services ("DCFAS") and various county employees. Before the court is defendant Heather King's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket No. 7.) Despite being contacted by the courtroom deputy

1

and being asked for a response, plaintiffs' counsel has not filed an opposition to this motion or requested a continuance.  The time to file any response has now expired.  Accordingly, the court decides the motion without a hearing.  See Local Rule 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").

Plaintiffs Nicole Swanbeck and Dylan Bussey are residents of Sacramento County.  (Compl. ¶ 4 (Docket No. 1).)  Plaintiff Nicole Swanbeck is Dylan Bussey's mother.  (Id.)  Dylan Bussey was born with severe cerebral palsy and, due to his physical condition, was entitled to specialized care at Rio Linda High School.  (Id. ¶¶ 14-18.)  Moving defendant Heather King is an employee of Rio Linda High School.  (Id. ¶ 11.)

Plaintiffs allege that in 2016 and 2017, King made intentionally false and misleading referrals to DCFAS that Bussey suffered from general neglect, inadequate food, inadequate hygiene, and inadequate supervision by his mother.  (Id. ¶¶ 19-24.)  In early 2017, defendant Chelsea Stephney, an employee of DCFAS, interviewed King in response to the reports about Bussey.  (Id. ¶ 25.)  King allegedly repeated what she had previously reported.  (Id.)  After further investigation, Stephney obtained a protective custody warrant.  (Id. ¶ 37.)  The complaint makes no further allegations, however, of what transpired after DCFAS obtained this warrant.

On January 22, 2019, plaintiffs filed this action, alleging the following causes of action against defendant King: (1) intentional fraud and misrepresentation under California law;

and (2) violation of plaintiffs' familial association rights under 42 U.S.C. § 1983. (Id. ¶¶ 49-57 & 90-100.) Defendant King now moves to dismiss the complaint against her in its entirety.

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint that offers mere "labels and conclusions" will not survive a motion to dismiss. Id. (citations and quotations omitted).

Plaintiffs' first claim, for intentional fraud and misrepresentation, fails because plaintiffs did not allege compliance with California's claims presentation requirements under the California Tort Claims Act ("CTCA"). See Cal. Gov't Code § 905.

Under the CTCA, before plaintiffs can file suit against a public entity for damages, they must present a timely written claim to the public entity. See Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). When a defendant is a public employee acting within the scope of her employment,[1]

---

[1] The complaint alleges that King was acting within the scope of her employment. (See Compl. ¶¶ 13-14 & 18-23.)

3

plaintiffs must also submit a written claim to the public entity that employs the individual defendant. See Cal. Gov't Code § 950.2. A claim must be filed within six months of the accrual of the cause of action. Cal. Gov't Code § 911.2(a). "Compliance with the claims statutes is mandatory; and failure to file a claim is fatal to the cause of action." Hacienda La Puente Unified Sch. Dist. of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir. 1992) (quoting City of San Jose v. Superior Court, 12 Cal. 3d 447, 454 (1974)).

Nowhere in the complaint do plaintiffs allege that they filed any written claim with the appropriate public entity related to King's allegedly false and fraudulent allegation of abuse. Plaintiffs also do not suggest why they are otherwise excused from complying with this requirement. Because the presentation of a written claim to the public employer is a prerequisite to bringing this state law cause of action against King, see Mangold, 67 F.3d at 1477, this claim must be dismissed.

Plaintiffs' second claim, for violation of their familial association rights found in the First, Fourth, and Fourteenth Amendments to the U.S. Constitution, likewise fails for two separate and independent reasons. First, to properly allege a Section 1983 claim, plaintiffs must show that King "personally played a role in violating the Constitution." See Hines v. Youseff, 914 F.3d 1218, 1228 (9th Cir. 2019). Government officials like King are liable under Section 1983 "only if culpable action, or inaction, is directly attributed to them." Id. (citation omitted). Here, the complaint, as to this claim, is devoid of specific allegations against King. There are

4

no allegations that King personally made or submitted misleading statements to the juvenile court. Indeed, plaintiffs allege that defendants Stephney and Lowry, employees of DCFAS, prepared and signed the verified petition that resulted in the protective custody warrant.[2] (See Compl. ¶ 54.) Any allegations that refer to all defendants are likewise insufficient to state a claim against King. As pled here, such allegations are "devoid of further factual enhancement" and thus "not entitled to the assumption of truth." See Iqbal, 556 U.S. 678-79. Because the complaint does not set forth King's role in making false statements during the juvenile court proceedings, plaintiffs fail to state a claim against King as to their Section 1983 cause of action.

Second, plaintiffs do not properly allege how their constitutional right to familial association was violated. Both the First and Fourteenth Amendments protect individuals from "unwarranted interference" with family relationships. See Keates v. Koile, 883 F.3d 1228, 1236 (9th Cir. 2018). The Fourth Amendment's protection against unreasonable seizures applies to "the claims of children who are taken into state custody." Id. (citation omitted). Altogether "the Fourteenth, First, and Fourth Amendments provide a guarantee 'that parents will not be separated from their children without due process of law except in emergencies.'" Id. (quoting Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1107 (9th Cir. 2001)).

Here, plaintiffs do not allege that Bussey was ever

---

[2] Plaintiffs also do not allege that Stephney and Lowry submitted any statements made by King to the juvenile court.

5

detained or removed from his parents' care.  Instead, the complaint merely references the fact that defendants had the authority to detain Bussey from his parents' care (see Compl. ¶ 52), not that they actually exercised that authority and did so. Moreover, the court is unaware of any authority that states that the issuance of a protective custody warrant by itself constitutes unwarranted interference with a family relationship. Absent specific allegations that explain how the challenged conduct interfered with plaintiffs' liberty interests, see Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001), plaintiffs cannot state a claim under Section 1983 for the violation of their right to familial association.

IT IS THEREFORE ORDERED that Heather King's Motion to Dismiss plaintiff's complaint (Docket No. 7) be, and the same hereby is, GRANTED.  Because plaintiffs have not requested leave to amend their complaint, nor suggested that they can cure the above defects by amendment, the court will not *sua sponte* grant them leave to do so.  This action is accordingly DISMISSED as against defendant Heather King, without leave to amend.

Dated: July 22, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE